IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| Olandio Ray Workman, | ) | |
|---|---|---|
| | ) | Civil Action No. 6:17-1208-RBH-KFM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| Metro PCS Mobile Phone Company, | ) | |
| Mr. Richardson, Metro PCS, Metro PCS | ) | |
| Mobile, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

## BACKGROUND

The plaintiff is a pretrial detainee at the Greenville County Detention Center. The plaintiff brings this § 1983 action alleging that his First, Fourth, and Fifth Amendment Rights have been violated; he contends that Title III of the Omnibus Crime Control and Safe Streets Act of 1968 has been violated (doc. 1 at 4). The plaintiff contends that "Metro PCS acted under color of state or local law . . . when they aid[ed] Greenville County Sheriffs and trace[d] our cell phones without [a] warrant and told them my family['s] location" (*id.*). He asserts that he has suffered mental and emotional injuries and that, apparently as a result of the information handed over to the Greenville County Sheriff's Office, the police broke their possessions looking for drugs (*id.* at 6). The plaintiff states that, because of these events, his wife will not come back to Greenville, South Carolina, and he alleges that he is currently on medication for mental distress (*id.*). The plaintiff leaves the amount of damages up to the court (*id.*).

**DISCUSSION**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The plaintiff fails to state a claim under § 1983 against Metro PCS Mobile Phone Company, Metro PCS, and Metro PCS Mobile because they are not persons as required by § 1983. It is well settled that only "persons" may act under color of state law, so a defendant in a § 1983 action must qualify as a "person." Although suing an entire

department may be a lawsuit against a group of people, groups of people are not amenable to suit under § 1983. Buildings and correctional institutions, as well as sheriff's departments and police departments, usually are not considered legal entities subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983 and that Food Service Supervisors was a group of people not subject to suit); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla.1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely vehicle through which city government fulfills policing functions). Accordingly, the plaintiff failed to state a claim on which relief may be granted as to these defendants.

With respect to Mr. Richardson, the plaintiff has failed to plead sufficient facts to state a claim under § 1983. In the complaint, the plaintiff alleges that Metro PCS acted to deprive him of his constitutional rights. He alleges no action by Mr. Richardson. Although the court must liberally construe the *pro se* complaint, the plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (finding that a complaint was subject to summary dismissal because it did not contain any facts to support the claim). While the plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). *See also Francis v. Giacomelli*, 588 F.3d 186, 192–93 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). Because the plaintiff did not plead any factual allegations against Mr. Richardson in support

3

of his claims, the complaint fails to state a claim upon which relief may be granted with respect to this defendant.[1]

**RECOMMENDATION**

It is recommended that the District Court dismiss this action *without prejudice*. The plaintiff's attention is directed to the important notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

May 18, 2017
Greenville, South Carolina

---

[1] In the cover letter, the plaintiff makes allegations concerning information he has about a murder and the fact that one man who should have been charged with the crime was not (doc. 1-1 at 1). To the extent that the plaintiff is attempting to press charges against someone else, the plaintiff cannot have this Court prosecute criminal charges against another as "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. "[T]he decision whether or not to prosecute, and what charge to file or bring . . . , generally rests entirely [within the prosecutor's] discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).