UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Olandio Ray Workman, ) | Civil Action No.: 6:17-cv-01208-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Metro PCS Mobile Phone Company, Mr. ) | |
| Richardson, Metro PCS, and Metro PCS ) | |
| Mobile, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Olandio Ray Workman, a state pretrial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against the four above-captioned Defendants. The matter is before the Court for a ruling on Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald, who recommends summarily dismissing this action.[1]

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), and he reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**Discussion**[2]

In his complaint, Plaintiff names four defendants: Metro PCS Mobile Phone Company, Metro PCS, Metro PCS Mobile, and Mr. Richardson. *See* Complaint [ECF No. 1]. He alleges his Fourth Amendment (and other) rights were violated when "Metro PCS acted under color of state or local law... [and] aid[ed] Greenville County Sheriffs and trace[d] our cell phone without [a] warrant and told them my family['s] location." *Id.* at 4. The Magistrate Judge recommends summarily dismissing this action without prejudice. *See* R & R [ECF No. 9]. Plaintiff has filed objections to the R & R. *See* Pl.'s Objs. [ECF No. 11].

Initially, the Court notes Plaintiff does not specifically object to the Magistrate Judge's recommendation that the Court should dismiss the three Metro PCS defendants because they are not persons as required by 42 U.S.C. § 1983. *See* R & R at 2–3. Finding no clear error, the Court adopts this recommendation and will dismiss these three defendants from this action. *See Diamond*, 416 F.3d

---

[2] The R & R contains a full summary of the procedural and factual history of this case, as well as the applicable legal standards.

2

at 315; *Camby*, 718 F.2d at 199–200.

Instead, Plaintiff appears to object to the Magistrate Judge's recommendation that the Court should dismiss the remaining defendant—Mr. Richardson—because Plaintiff's complaint does not plead any factual allegations against Mr. Richardson. *See* R & R at 3–4. Plaintiff makes the following statement in his objections:

> Mr. Richardson due to your administrative misconduct you neglected to train your supervising management and employees to obey the constitutional rights of your customers due to Metro PCS violating of our 4th Amendment right by unlawfully traceing our cell phone to our home without a search warrant for Greenville County Police[.] We do say that you Mr. Richardson deliberately indifferent to break our 4th Amendment right!

Pl.'s Objs. at 1. Having considered Plaintiff's statement, the Court could liberally construe it as a motion to amend his complaint to add the above factual allegations against Mr. Richardson. *See generally Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating "[a] document filed pro se is to be liberally construed" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). However, the Court finds such amendment would be futile. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (stating leave to amend should be denied if amendment would be futile).

First, Mr. Richardson is not a state actor amenable to suit under § 1983—according to Plaintiff's complaint, Mr. Richardson is the "registered agent" for Metro PCS Mobile. ECF No. 1 at 2–3; *see Loftus v. Bobzien*, 848 F.3d 278, 284 (4th Cir. 2017) ("To state a claim under § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, ***and must show that the alleged deprivation was committed by a person acting under color of state law***." (emphasis added) (internal quotation marks omitted)); *DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999) ("[T]o become state action, private action must have a sufficiently close nexus with the state that the

private action may be fairly treated as that of the State itself." (internal quotation marks omitted)). Second, even when liberally construed, Plaintiff's allegations do not indicate Mr. Richardson committed the alleged deprivation by his own individual actions. *See Doe v. Rosa*, 795 F.3d 429, 439 n.7 (4th Cir. 2015) (noting "principles of respondeat superior do not apply in imposing liability under § 1983" and explaining the defendant's "own individual actions must violate the [plaintiff's] rights" (internal quotation marks omitted)); *see, e.g.*, *id.* (finding the mere fact that the defendant "had general supervisory authority over [his] employees" was insufficient to impose § 1983 liability). Accordingly, the Court finds Plaintiff's proposed amendment is futile and will overrule Plaintiff's objections; and to the extent his objections could be considered a request to amend, it is denied as futile.

## Conclusion

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, the R & R, and Plaintiff's objections. For the foregoing reasons, the Court overrules Plaintiff's objections, adopts and incorporates the R & R [ECF No. 9] by reference, and **DISMISSES** this case *without prejudice and without issuance and service of process*.

**IT IS SO ORDERED.**


Florence, South Carolina  
June 26, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge