IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Olandio Ray Workman, | ) | Civil Action No. 6:17-1208-RBH-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | **For Partial Dismissal** |
| Metro PCS Mobile Phone Company, | ) | |
| Mr. Richardson, Mr. Lewis, and | ) | |
| Greenville County Sheriff's Office, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, proceeding *pro se* seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is the plaintiff's amended complaint filed pursuant to 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court. Having reviewed the amended complaint in accordance with applicable law, the undersigned recommends summary dismissal as to Metro Mobile PCS and the Greenville County Sheriff's Office. By way of separate order, the undersigned is directing the plaintiff to provide additional information to the court regarding his claim against the remaining defendants.

## BACKGROUND

The plaintiff Olandio Workman, a pretrial detainee at the Greenville County Detention Center,[1] filed his initial complaint on May 8, 2017 (doc. 1) against the defendants

---

[1] It appears the plaintiff has charges for domestic violence of a high and aggravated nature, kidnaping, possession of a weapon during a violent crim, and possession of a

Metro PCS Mobile and Mr. Richardson alleging that they violated his constitutional rights (doc. 1 at 4). On May 18, 2017, the undersigned issued a Report and Recommendation recommending that the action be summarily dismissed *without prejudice* for failure to state a claim upon which relief may be granted with respect to these defendants (doc. 9). On June 26, 2017, the District Court adopted the Report and Recommendation and dismissed the case without prejudice and without issuance and service of process (doc. 13 at 4). Thereafter, the plaintiff appealed to the Fourth Circuit Court of Appeals (doc. 16). The Fourth Circuit Court of Appeals issued an unpublished opinion on January 19, 2018, dismissing the appeal for lack of jurisdiction and remanding the case to the district court with instructions to allow the plaintiff to amend his complaint (doc. 22). On January 19, 2018, the District Court ordered the Plaintiff to file an amended complaint within fifteen days of its order (doc. 24). An amended complaint was not filed by the deadline ordered by the District Court, and on February 8, 2018, the magistrate judge issued a report that recommended that the District Court dismiss this action *with prejudice* due to the plaintiff's failure to prosecute (doc. 27). Thereafter, on February 22, 2018, the plaintiff filed an amended complaint[2] (doc. 31). On March 8, 2018, the District Court issued an order

---

firearm or ammunition by a convicted felon (*Workman v. Perry*, C.A. No. 6:17-2136-RBH-KFM, doc. 20-1 at 18-20). A federal court may take judicial notice of the contents of its own records. See Aloe Creme Labs., Inc., v. Francine Co., 425 F. 2d 1295, 1296 (5th Cir. 1970).

[2] The caption of the amended complaint lists as plaintiffs Olandio Workman, Loretta Workman, Anu Workman, and Devillan Workman (doc. 31 at 1). However, only Orlando Workman is listed in the "Parties" section of the complaint and only Orlando Workman signed the complaint. As such, the only plaintiff before the court in this case is Olandio Workman.

declining to adopt the Report and Recommendation and recommitted the matter to the magistrate judge for screening of the plaintiff's amended complaint (doc. 33).

## ALLEGATIONS

In his amended complaint, the plaintiff alleges that his Fourth Amendment Rights were violated and that Title III of the Omnibus Crime Control and Safe Street Act of 1968 was violated (doc. 31 at 4). The plaintiff alleges that the defendants Mr. Richardson and Metro PCS Mobile[3] "acted under color of state law . . . when they aid[ed] Greenville County Sheriffs office in trac[]ing our cell phone w[ith]out a search warrant" (*id.*). He also names "Mr. Lewis" with the Greenville County Sheriff's Office as a defendant.

## DISCUSSION

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis statute.* This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it

---

[3] The plaintiff presents different names for the phone company at issue. For purposes of this analysis, the undersigned will refer to it as Metro PCS Mobile, as listed in the caption of the amended complaint.

should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct a plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v.McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The plaintiff fails to state a claim under § 1983 against the defendants Metro PCS Mobile and the Greenville County Sheriff's Office because they are not persons as required by § 1983.  It is well settled that only "persons" may act under color of state law, so a defendant in a § 1983 action must qualify as a "person."  Although suing an entire department may be a lawsuit against a group of people, groups of people are not amenable

4

to suit under § 1983. Buildings and correctional institutions, as well as sheriff's departments and police departments, usually are not considered legal entities subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that a medical department is not a person pursuant to § 1983). Accordingly, the plaintiff has failed to state a claim on which relief may be granted as to these defendants.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is recommended that the defendants Metro PCS Mobile and the Greenville County Sheriff's Office be dismissed from this case, as the plaintiff has failed to state a claim upon which relief may be granted against them. Accordingly, it is recommended that the District Court dismiss this action against those defendants *without prejudice.* The case will continue as to the remaining defendants at this time. The plaintiff's attention is directed to the important notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

April 26, 2018
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen 871 F. Supp. (14) days of the date
of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).