UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Olandio Ray Workman, | ) | Civil Action No.: 6:17-cv-01208-RBH-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Metro PCS Mobile Phone Company, | ) | |
| Mr. Richardson, Mr. Lewis, and | ) | |
| Greenville County Sheriff's Office, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Olandio Ray Workman, a state pretrial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against the four above-captioned defendants. The matter is before the Court for consideration of Plaintiff's objections to the two separate Reports and Recommendations ("R & Rs") of United States Magistrate Judge Kevin F. McDonald, who recommends summarily dismissing two of the defendants and staying this action as to the other two defendants.[1] *See* ECF Nos. 36, 44, 47, & 51.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept,

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), and he reviewed Plaintiff's amended complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

Plaintiff, presently detained at the Greenville County Detention Center on state charges,[3] filed an amended complaint[4] alleging his cell phone was traced without a warrant and naming four defendants—Metro PCS Mobile Phone Company ("Metro PCS"), Mr. Richardson (the registered agent for Metro PCS), the Greenville County Sheriff's Office ("GCSO"), and Mr. Lewis (the sheriff of

---

[2] The R & R thoroughly summarizes the procedural and factual history of this case, as well as the applicable legal standards.

[3] *See Workman v. Dir. of Greenville Cty. Det. Ctr.*, No. 6:17-cv-03046-RBH-KFM, 2017 WL 8785509, at *2 (D.S.C. Dec. 6, 2017) (summarizing Plaintiff's five pending state charges), *adopted by*, 2018 WL 1730948 (D.S.C. Apr. 10, 2018). *See generally Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

[4] The Fourth Circuit previously remanded this case with instructions to allow Plaintiff to amend his complaint. *See* ECF No. 22; *Workman v. Metro PCS Mobile Phone Co.*, 707 F. App'x 172 (4th Cir. 2017) (citing *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623–24 (4th Cir. 2015)).

2

Greenville County).[5] *See* ECF No. 31. Plaintiff seeks monetary damages as relief. *See id.* at p. 8. Upon reviewing the amended complaint, the Magistrate Judge sent Plaintiff special interrogatories asking him, "Were you arrested and imprisoned due to Mr. Richardson of Metro PCS Mobile aiding Mr. Lewis of the Greenville County Sheriff's Office to locate you by tracing your cell phone?", and Plaintiff answered in the affirmative and listed the charges. *See* ECF Nos. 38 & 41.

Thereafter, the Magistrate Judge issued two separate R & Rs, one recommending summarily dismissing Defendants Metro PCS and the GCSO and the other recommending staying this action as to Defendants Richardson and Lewis. *See* ECF Nos. 36 & 47. Plaintiff filed objections to both R & Rs. *See* ECF Nos. 44 & 51.

## I. First R & R — Defendants Metro PCS & the GCSO

The Magistrate Judge recommends summarily dismissing Defendants Metro PCS and the GCSO because they are not "persons" as required by 42 U.S.C. § 1983. *See* ECF No. 36 at pp. 4–5 (first R & R). Although Plaintiff has filed objections to the first R & R, *see* ECF No. 44, he does not specifically object to this conclusion. The Court reiterates that absent a specific objection, it need only review the R & R for clear error. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199–200. Regarding the GCSO, the Court agrees with the Magistrate Judge that this defendant is not a person withing the meaning of § 1983. *See, e.g.*, *Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *2 (D.S.C. Oct. 23, 2017) (summarily dismissing defendants who were not "persons" within the meaning of § 1983); *Shadoan v. Florence Cty. Det. Ctr. Med. Dep't*, 2013 WL 6408347, at *2 (D.S.C. Dec. 6,

---

[5] Plaintiff appears to name "Greenville County Council" as a fifth defendant, *see* ECF No. 31 at pp. 1 & 3; ECF No. 31-1, but the Magistrate Judge did not address this entity. Plaintiff also mentions the Greenville County Council in his objections. *See* ECF No. 51 at p. 1. To the extent Plaintiff has sued the Greenville County Council, the Court notes this entity is subject to summary dismissal for reasons the Court has explained in other cases filed by Plaintiff. *See Workman v. Vandermosten*, No. 6:17-cv-02832-RBH, 2018 WL 1870525, at *2 (D.S.C. Apr. 19, 2018) ("Greenville County Council is not a proper defendant for purposes of § 1983.").

2013) ("[U]se of the term 'staff,' 'department,' or the equivalent as a name for alleged defendants, is not adequate to state a claim against a 'person' as required in § 1983 actions. . . . [G]roups of people are not amenable to suit under § 1983[.]"). Moreover, a "federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity." *Stewart v. Beaufort Cty.*, 481 F. Supp. 2d 483, 492 (D.S.C. 2007). Plaintiff's claims against the GCSO are tantamount to a suit against the State of South Carolina, and "[a]s such, an action against South Carolina will not lie in this court without South Carolina's express waiver of Eleventh Amendment immunity." *Id.*; *see, e.g.*, *Workman v. Cooper*, No. 6:08-cv-03429-HFF, 2009 WL 690664, at *3 (D.S.C. Mar. 16, 2009) ("As an agency of the state, the Greenville County Sheriff's Office is immune from suit under the Eleventh Amendment to the United States Constitution which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.").

Regarding Metro PCS, the Court notes this defendant appears to be a private company, and the Fourth Circuit has held "a private corporation is liable under § 1983 [but] only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999); *see also Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982) (concluding the holding in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978))—"that a municipal corporation cannot be saddled with section 1983 liability via respondeat superior alone"—is "equally applicable to the liability of private corporations"). Here, Plaintiff has not alleged an official policy or custom of Metro PCS caused his purported constitutional injuries, and Metro PCS is not liable under § 1983 merely as an employer. *See, e.g.*, *Tellez v. Spartanburg Reg'l*, No. 4:18-cv-00720-RBH-TER, 2018 WL 1939504, at *3 (D.S.C. Mar. 19, 2018), *adopted by*, 2018 WL 1933706 (D.S.C. Apr. 24, 2018) (summarily dismissing a private corporation for similar reasons). Accordingly, Plaintiff fails

to state a claim upon which relief can be granted against Metro PCS. The Court will adopt as modified the first R & R and summarily dismiss Defendants Metro PCS and the GCSO from this action.

**II.    Second R & R — Defendants Richardson & Lewis**

The Magistrate Judge recommends abstaining pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and staying this action as to Defendants Richardson[6] and Lewis because Plaintiff is involved in ongoing state criminal proceedings and seeks monetary damages in this § 1983 action. *See* ECF No. 47. Although Plaintiff objects to this conclusion,[7] the Court agrees with the Magistrate Judge that *Younger* abstention is appropriate because (1) Plaintiff is involved in ongoing state criminal proceedings (2) that implicate important state interests, and because (3) he has an adequate opportunity to raise his federal claims in the state proceedings. *See Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584 (2013) (addressing the appropriate grounds for *Younger* abstention); *Robinson v. Thomas*, 855 F.3d 278, 285 (4th Cir. 2017) (summarizing the three *Younger* criteria). By alleging Defendants Richardson and Lewis violated his Fourth Amendment rights by tracing his cell phone without a warrant, Plaintiff is effectively asking this Court to intervene in a pending state criminal matter. Plaintiff also has not made a showing of "extraordinary circumstances" justifying federal interference with the state proceedings. *See Robinson*, 855 F.3d at 286 ("A federal court may disregard *Younger*'s mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present

---

[6]    Although not specifically discussed by the Magistrate Judge, the Court notes that "[i]n certain circumstances, a private actor can still be bound by constitutional limitations because its conduct is fairly attributable to the state." *Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993) (internal quotation marks omitted); *see also Cox v. Duke Energy Inc.*, 876 F.3d 625, 633 (4th Cir. 2017) ("[T]o be liable under § 1983, a party must be one who may fairly be said to be a state actor, such that the allegedly unconstitutional conduct is fairly attributable to the State." (internal quotation marks and citations omitted)). This principle appears to be the basis on which Defendant Richardson (a private actor who allegedly aided Defendant Lewis in tracing Plaintiff's cell phone) is being sued.

[7]    In his objections, Plaintiff cites several cases that are inapplicable here. *See* ECF No. 51 at p. 2.

5

the possibility of irreparable harm."). Moreover, the Court notes a stay (rather than outright dismissal) is appropriate in light of binding precedent. *See Nivens v. Gilchrist*, 444 F.3d 237, 248 (4th Cir. 2006) ("State criminal proceedings do not, however, allow for claims of money damages by criminal defendants—such a claim is simply not available. Therefore, a 'District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding.'" (quoting *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988))).

However, the Court notes Plaintiff has sued Defendant Lewis for monetary damages in both his individual *and official* capacity, *see* ECF No. 31 at pp. 3 & 8, and the Eleventh Amendment bars the official capacity claim. *See Lawson v. Union Cty. Clerk of Court*, 828 F.3d 239, 278 (4th Cir. 2016) ("The Eleventh Amendment bars suit against state officials in their official capacity for damages under 42 U.S.C. § 1983."); *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (recognizing South Carolina sheriffs are arms of the state and entitled to Eleventh Amendment immunity). Accordingly, the Court will dismiss Plaintiff's official capacity claim against Defendant Lewis and adopt the second R & R as modified.

## Conclusion

For the foregoing reasons, the Court **ADOPTS AS MODIFIED** the Magistrate Judge's Reports and & Recommendations [ECF Nos. 36 & 47]. The Court **DISMISSES** *without prejudice* Defendants Metro PCS Mobile Phone Company and the Greenville County Sheriff's Office, **DISMISSES** Plaintiff's claim for damages against Defendant Lewis in his official capacity, and **STAYS** Plaintiff's claims for damages against Defendant Richardson and against Defendant Lewis in his individual capacity until the conclusion of Plaintiff's state criminal proceedings. Plaintiff shall notify and file sufficient documentation with the Court verifying when his state criminal proceedings have concluded.

**IT IS SO ORDERED.**

Florence, South Carolina　　　　　　　　　　　　　　　s/ R. Bryan Harwell
July 17, 2018　　　　　　　　　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge