UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Olandio Ray Workman, | ) | Civil Action No.: 6:17-cv-01208-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Mr. Richardson and Mr. Lewis, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court for review of Plaintiff Olandio Ray Workman's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald, who recommends lifting the Court's prior stay and dismissing Plaintiff's remaining claims. *See* ECF Nos. 66 & 70.

**<u>Standard of Review</u>**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d

44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[1]

Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 when he was a state pretrial detainee and awaiting trial on several criminal charges. He alleged, *inter alia*, that he was arrested and imprisoned because Defendant Richardson (the registered agent of Metro PCS Mobile Phone Company) and Defendant Lewis (the sheriff of Greenville County) unlawfully traced his cell phone without a search warrant. The Court previously dismissed all claims[2] except for Plaintiff's claims for monetary damages against Defendant Richardson and against Defendant Lewis in his individual capacity; as for these claims, the Court stayed them until the conclusion of Plaintiff's criminal proceedings and ordered him to notify the Court when his state criminal proceedings had concluded.[3] *See* ECF No. 53.

Plaintiff has now filed a status report showing he proceeded to trial, was convicted of three charges (kidnapping, domestic violence of a high and aggravated nature, and possession of a weapon during the commission of a violent crime), and was sentenced to fifteen years' imprisonment. *See* ECF

---

[1] The R & R thoroughly summarizes the procedural and factual history of this case, as well as the applicable legal standards.

[2] The Court also dismissed two other defendants, Metro PCS Mobile Phone Company and the Greenville County Sheriff's Office.

[3] This stay was based on *Younger v. Harris*, 401 U.S. 37 (1971). *See Nivens v. Gilchrist*, 444 F.3d 237, 248 (4th Cir. 2006) ("State criminal proceedings do not, however, allow for claims of money damages by criminal defendants—such a claim is simply not available. Therefore, a 'District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding.'" (quoting *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988))).

2

No. 63-1. The Magistrate Judge recommends lifting the stay and dismissing Plaintiff's pending claims pursuant to *Heck v. Humphrey*, wherein the Supreme Court ruled:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. 477, 486–87 (1994) (internal footnote omitted).

In his objections, Plaintiff asserts the Court should continue staying this case until the conclusion of his direct appeal in state court and any potential post-conviction relief and/or federal habeas corpus proceedings. *See* ECF No. 70. However, "*Heck* . . . bars a prisoner's § 1983 claim if the relief sought necessarily implies the invalidity of his criminal judgment." *Young v. Nickols*, 413 F.3d 416, 417 (4th Cir. 2005). Plaintiff has been convicted and sentenced in state court, and as explained in the R & R, his claims for damages against Defendants Richardson and Lewis would necessarily imply the invalidity of that criminal judgment.[4] Accordingly, *Heck* bars Plaintiff's claims for monetary

---

[4] As explained in the Court's prior order, upon reviewing Plaintiff's amended complaint, the Magistrate Judge sent Plaintiff special interrogatories asking him, "Were you arrested and imprisoned due to Mr. Richardson of Metro PCS Mobile aiding Mr. Lewis of the Greenville County Sheriff's Office to locate you by tracing your cell phone?", and Plaintiff answered in the affirmative and listed the charges—including kidnapping, domestic violence of a high and aggravated nature, and possession of a weapon during the commission of a violent crime—of which he was subsequently convicted. *See* ECF Nos. 38 & 41. *Heck* thus bars Plaintiff's claims because success on them "would necessarily imply invalidity of his conviction[s]." *Ballenger v. Owens*, 352 F.3d 842, 847 (4th Cir. 2003).

3

damages against Defendant Richardson and against Defendant Lewis in his individual capacity, and the Court will dismiss those claims without prejudice. *See, e.g.*, *Ballenger*, 352 F.3d at 847 ("Because Ballenger's post-conviction proceedings are still pending, the district court appropriately dismissed Ballenger's § 1983 suit without prejudice."); *Russell v. Guilford Cty. Municipality*, 599 F. App'x 65 (4th Cir. 2015) (indicating a dismissal based on *Heck* should be without prejudice); *Poston v. Conrad*, 580 F. App'x 180 (4th Cir. 2014) (same).

### Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R [ECF No. 66], **LIFTS** the stay, and **DISMISSES** Plaintiff's claims for monetary damages against Defendant Richardson and against Defendant Lewis in his individual capacity *without prejudice*. The Court **DIRECTS** the Clerk to close this case.[5]

**IT IS SO ORDERED.**


Florence, South Carolina  s/ R. Bryan Harwell
December 27, 2018  R. Bryan Harwell
  United States District Judge

---

[5] As the Magistrate Judge explains, Plaintiff was previously given an opportunity to amend his complaint. *See generally Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015); *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064 (4th Cir. 1993).